IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLANIA

| | | |
|---|---|---|
| AB 431, LLC<br>1123 N. Broad Street<br>Allentown, PA 18104 | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No._____ |
| v. | : | |
| | : | |
| FASTENAL COMPANY<br>2001 Theurer Blvd.<br>Winona, MN 55987 | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff, AB 431, by way and through its undersigned counsel, hereby brings this Complaint against Defendant, Fastenal Company ("Fastenal"), and hereby avers as follows:

## PARTIES

1.      Plaintiff, AB 431, LLC ("AB 431) is a Pennsylvania limited liability company doing business in the Commonwealth of Pennsylvania, with its principal place of business located at 1123 N. Broad Street, Allentown, PA 18104. The members of AB 431 are citizens of the Commonwealth of Pennsylvania and the State of Florida.

2.      Defendant, Fastenal Company ("Fastenal") is a Minnesota corporation with its principal place of business located at 2001 Theurer Blvd., Winona, MN 55987.

## JURISDICTION

3. Jurisdiction in this judicial district is proper pursuant to 28 U.S.C. § 1332 in that the parties are, upon information and belief, diverse, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4. Venue is this judicial district is proper in that the underlying events that are the subject to this lawsuit occurred within this judicial district.

## BACKGROUND

3. At all times material hereto, AB431 was the owner of 131 South Rt. 100, Allentown, PA 18106 ("subject property").

4. At all times material hereto, Fastenal leased the subject property.

5. On or about May 29, 2024, a fire occurred at the subject property.

6. Pursuant to the lease agreement, attached hereto as Exhibit A, Fastenal was prohibited from storing any "flammable, hazardous, or toxic substance or engage in any activity on or about the Leased Premises which activities or substances expose Tenant, Landlord, or others to a risk of injury, loss or damage."

7. The damage from the fire was exacerbated by the storage of flammable and hazardous materials by Fastenal.

8. As a result of the fire, AB431 sustained property damage and a loss of business income.

9. As a result of these damages, AB431, seeks to recover the aforementioned damages, owing to the defendant's negligence and breach of contract.

## COUNT I
## NEGLIGENCE

10.     Plaintiff repeats the allegations set forth in the above paragraphs, as though set forth herein at length.

11.     Defendant, Fastenal, owed a duty to AB431 to not store flammable materials inside the subject property.

12.     On or about May 29. 2024, breached its duty by storing flammable materials inside the subject property caught fire, causing extensive property damage.

13.     At all times mentioned in this complaint, defendant, Fastenal, so negligently and carelessly stored the flammable fuels, causing the fire.

14.     Plaintiff alleges that the incident subject to this Complaint would not have occurred but for the negligence of the defendant.

15.     Plaintiff cannot more specifically allege the acts of negligent storage, as so much was damaged in the resulting fire.

16.     As a direct and proximate result of the defendant's negligence and carelessness as described above, AB431 was forced to have extensive repair and restoration work done to the property

17.      By reason of the foregoing, plaintiff, CM Regent suffered damages in an amount in excess of $75,000, together with interest and costs of this action.

WHEREFORE, plaintiff, AB431, demands judgment in its favor and against defendant, NRG, in the amount in excess of $75,000 together with the costs of this action, and any other relief this Court may deem just and proper.

**COUNT II**
**BREACH OF CONTRACT**

22.     Plaintiff repeats the allegations set forth in the above paragraphs, as though set forth herein at length.

23.    Defendant Fastenal directly violated their lease in storage flammable substances on the leased premises, according to paragraph 10 of their lease.

24.    The fire and the consequent damage sustained by AB431 was caused by the Defendants' breaches of such express and/or implied warranties.

25.    As a direct and proximate result of the Defendants' breaches of expressed and/or implied warranty, a fire resulted and AB431 was forced to have extensive repair and restoration work done to the gymnasium.

26.    By reason of the foregoing, plaintiff, AB431 suffered damages in an amount in excess of $75,000 together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, AB431, demands judgment in its favor and against defendant Fastenal in the amount in excess of $75,000 together with the costs of this action, and any other relief this Court may deem just and proper.

CRAWFORD SLATTERY

By: *s/ John R. Slattery*
    JOHN R. SLATTERY, ESQUIRE
    Attorney for the plaintiff
    619 South White Horse Pike
    Audubon, NJ 08106
    Tel No.: (856) 438-9232
    E-mail: jrs@crawfordslattery.com

Dated: 5/29/2026